IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:11-CT-3049

| | |
|---|---|
| STUART WAYNE TOMPKINS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| SUPERINTENDENT SANDRA ) | |
| THOMAS, et al., ) | |
| ) | |
| Defendants. ) | |

On March 7, 2011, Stuart Wayne Tompkins ("Tompkins" or "plaintiff"), a state inmate, filed this action under 42 U.S.C. § 1983 ("section 1983") [D.E. 1].[1] Tompkins proceeds pro se and in forma pauperis [D.E. 2]. Tompkins has filed three motions to amend his complaint [D.E. 6–7, 10], a motion for appointment of counsel [D.E. 5], a motion for a temporary restraining order [D.E. 11], and a request for the "U.S. Marshal to come and lock this Administrator up for stop[ping] my mail" [D.E. 12].

Courts must review complaints in civil actions in which pro se litigants seek relief from a governmental entity or officer, and dismiss a complaint if it "is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(a)–(b)(1). A case is frivolous if it

---

[1] Tompkins is a familiar litigant, having filed at least fifteen actions since 2001. See, e.g., Tompkins v. Everett, et al., No. 5:01-CT-623 (E.D.N.C.); Tompkins v. Dep't of Corr., et al., No. 5:02-CT-179 (E.D.N.C.); Tompkins v. Dep't of Corr., et al., No. 5:06-HC-38 (E.D.N.C.); Tompkins v. Carroll, No. 5:06-HC-2226 (E.D.N.C.); Tompkins v. U.S. Dist. Ct., No. 5:07-CT-3049 (E.D.N.C.); Tompkins v. Dep't of Corr. et al., No. 5:07-CT-3152 (E.D.N.C.); Tompkins v. Mitchell, No. 5:08-HC-2077 (E.D.N.C.); Tompkins v. Dep't of Corr., et al., No. 1:08-cv-00322 (W.D.N.C.); Tompkins v. Thomas, No. 5:10-HC-2004 (E.D.N.C.); Tompkins v. Mitchell, et al., No. 1:10-cv-00186 (W.D.N.C.); Tompkins v. Herron, et al., No. 1:10-cv-00978 (M.D.N.C.); Tompkins v. Dep't of Corr., et al., No. 5:10-CT-3224 (E.D.N.C.); Tompkins v. Herron, et al., No. 1:11-cv-224 (M.D.N.C.); Tompkins v. Herron, et al., No. 1:11-cv-481 (M.D.N.C.).

"lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Claims that are legally frivolous are "based on an indisputably meritless legal theory and include claims of infringement of a legal interest which clearly does not exist." Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) (quotations omitted). Claims that are factually frivolous lack an "arguable basis" in fact. Neitzke, 490 U.S. at 325. The standard used to evaluate the sufficiency of the pleading is flexible, and a pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (quotation omitted). Erickson, however, does not undermine the "requirement that a pleading contain 'more than labels and conclusions' . . . ." Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)); see Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949–52 (2009); Coleman v. Md. Ct. of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), cert. granted, 131 S. Ct. 3059 (2011); Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255–56 (4th Cir. 2009); Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009).

A party may amend its pleading once as a matter of course within twenty-one days after service, or, if the pleading requires a response, within twenty-one days after service of the response or service of a motion under Federal Rule of Civil Procedure 12(b), (e), or (f). See Fed. R. Civ. P. 15(a)(1). Otherwise, a party may amend its pleading only with the written consent of the opposing party or with leave of court. Fed. R. Civ. P. 15(a)(2). Because Tompkins's complaint is subject to review under 28 U.S.C. § 1915A, no defendant has been served. Accordingly, Tompkins's motions to amend [D.E. 6–7, 10] are granted, and the court reviews all of Tompkins's filings together with the original complaint to determine whether Tompkins has stated a claim upon which relief may be granted.

2

To state a claim under section 1983, Tompkins must allege (1) that defendants "deprived him of a right secured by the Constitution and laws of the United States," and, (2) that defendants "deprived him of this constitutional right under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory." Adickes v. S. H. Kress & Co., 398 U.S. 144, 150 (1970) (quotations omitted); see Kendall v. City of Chesapeake, 174 F.3d 437, 440 (4th Cir. 1999).

Tompkins is incarcerated at Scotland Correctional Institution, but asserts claims concerning disciplinary proceedings at Warren Correctional Institution ("Warren") and Lumberton Correctional Institution ("Lumberton"). See, e.g., [D.E. 1] 4, 11. Tompkins names twenty-three defendants, including Warren and Lumberton correctional officers and administrators, Department of Correction officials located in Raleigh, and several "John Doe" defendants. Id. 3–9. At Warren, Tompkins alleges that on November 17, 2009, he was charged with a disciplinary offense and placed in segregation. Id. 4. Tompkins alleges that he was "denied . . . Due Process when . . . defendant [Towns] refuse[d] to give the plaintiff Notice of Charge Offences [sic]." Id. When Tompkins brought the violation to the attention of the disciplinary hearing officer ("DHO") (defendant Basnight), Basnight "refuse[d] to hear anything the Plaintiff had to say [in] reference [to] his rights being violated and . . . failed to ensure that the plaintiff's rights [were] not violated by the defendants [sic] responsibilities . . . to conduct a Disciplinary Hearing." Id. 4, 10. Tompkins also alleges that defendants Haynes, Lewis, and Henry (high-level administrators at Warren and for the DOC in Raleigh) failed "to train defendant[s] Basnight and Key to conduct Notice of Charge and to ensure the plaintiff's rights in the Disciplinary Procedure are not violated." Id. 18.

As for his claims arising at Lumberton, Tompkins asserts that on April 5, 2010, he was charged with a disciplinary offense for refusing to return to the general population, which he contends would have put him in danger of "be[ing] kill[ed]." Id. 11. Tompkins further alleges that

3

he "was denied his Notice of Charge by defendant John Doe Hunt" and that the DHO (defendant Weaver) did not allow him to present live witnesses and certain evidence at the disciplinary hearing. Id. Tompkins alleges that defendants Lewis and Pimpong (DOC officials located in Raleigh) "fail[ed] to overturn the Disciplinary Charge despite [their] knowledge of the above described Due Process violation" and that defendant Hunt "failed to train defendant Weaver to conduct a disciplinary proceeding and to [abide] by the disciplinary procedures of the responsibilities of a" DHO. Id. 12, 17.

Tompkins asserts that he suffered several acts of retaliation for filing lawsuits and grievances, including interference with his legal mail and being "placed in Maximum/Intensive Control" at Lumberton, having legal documents confiscated at Scotland, being falsely charged with a disciplinary infraction, being transferred to Scotland, being denied witnesses and evidence at the Lumberton disciplinary hearing, and losing such privileges "as . . . telephone, radio, [and] . . . go[ing] to chow hall to eat with other inmates . . . ." Id. 12–14, 16; see also [D.E. 10], Att. 1. Tompkins seeks a declaratory judgment that the disciplinary proceedings violated his due process rights, an injunction to "release the plaintiff from Icon or Punitive Segregation . . . to the general population with restoration of all rights and privilege[s,]" and compensatory damages in the amount of $600,000 and punitive damages in the amount of $670,000. [D.E. 1] 20–24.

Tompkins's challenges to his disciplinary convictions at both Lumberton and Warren fail. To recover money damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would invalidate a conviction or sentence, a plaintiff must show that the underlying conviction "has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal . . . , or called into question by a federal court's issuance of a writ of habeas corpus . . . ." See, e.g., Heck v. Humphrey, 512 U.S. 477,

4

486–87 (1994); see Edwards v. Balisok, 520 U.S. 641, 643, 648 (1997) (extending Heck to inmate disciplinary convictions). "A district court must undertake a case specific analysis to determine whether success on the claims would necessarily imply the invalidity of a conviction or sentence." Thigpen v. McDonnell, 273 F. App'x 271, 272 (4th Cir. 2008) (per curiam) (unpublished). Although Heck does not apply to all suits challenging prison disciplinary proceedings,[2] Tompkins seeks to overturn his disciplinary conviction, and seeks removal from disciplinary segregation. Thus, Tompkins challenges the validity of his disciplinary conviction. Because Tompkins's disciplinary conviction has not been overturned or otherwise invalidated, Tompkins may not proceed with his section 1983 claims concerning disciplinary charges and convictions.

Tompkins's allegations of retaliation likewise fail. The United States Court of Appeals for the Fourth Circuit has stated that

> *in forma pauperis* plaintiffs who claim that their constitutional rights have been violated by official retaliation must present more than naked allegations of reprisal to survive [frivolity review]. To hold otherwise would be to bring virtually every unpopular decision by state actors within the scope of a cause of action for retaliation. This would pose particular problems in the context of prison administration. Every act of discipline by prison officials is by definition "retaliatory" in the sense that it responds directly to prisoner misconduct. The prospect of endless claims of retaliation on the part of inmates would disrupt prison officials in the discharge of their most basic duties. Claims of retaliation must therefore be regarded with skepticism, lest federal courts embroil themselves in every disciplinary act that occurs in state penal institutions.

Adams, 40 F.3d at 74. To survive frivolity review, Tompkins "must allege either that the retaliatory act was taken in response to the exercise of a constitutionally protected right or that the act itself violated such a right." Id. at 75. Tompkins's allegations fail to allege that any defendant infringed

---

[2] See Muhammad v. Close, 540 U.S. 749, 751, 755 (2004) (per curiam) ("Heck's requirement to resort to state litigation and federal habeas before § 1983 is not . . . implicated by a prisoner's challenge that threatens no consequence for his conviction or the duration of his sentence.").

5

any constitutionally protected right. Additionally, Tompkins presents nothing more than naked assertions of retaliation. Accordingly, the court dismisses Tompkins's retaliation claims as frivolous.

Third, the court dismisses Tompkins's claims that defendants Haynes, Lewis, Henry, and Hunt failed to train employees under their supervision. The doctrine of respondeat superior generally does not apply to a section 1983 action. See, e.g., Iqbal, 129 S. Ct. at 1948; Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978); Carter v. Morris, 164 F.3d 215, 220–21 (4th Cir. 1999); Shaw v. Stroud, 13 F.3d 791, 798–99 (4th Cir. 1994). Tompkins's conclusory allegation that these defendants did not properly train employees concerning disciplinary proceedings is insufficient to state a claim against these defendants. Thus, Tompkins's claims are dismissed as frivolous.

As for Tompkins's motion for appointment of counsel [D.E. 5], no right to counsel exists in civil cases absent "exceptional circumstances." Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated in part on other grounds by Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa, 490 U.S. 296 (1989); see Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975). The existence of exceptional circumstances "hinges on [the] characteristics of the claim and the litigant." Whisenant, 739 F.2d at 163. The facts of this case, and Tompkins's abilities do not present exceptional circumstances. Accordingly, the court denies Tompkins's motion to appoint counsel.

Tompkins's motion for a temporary restraining order and for a preliminary injunction is also denied. Tompkins seeks preliminary injunctive relief to "ensure that the plaintiff is release[d] from unlawful segregation Icon . . . ." [D.E. 11] 3. The substantive standard for granting a temporary restraining order is the same as that for entering a preliminary injunction. See, e.g., U.S. Dep't of Labor v. Wolf Run Mining Co., 452 F.3d 275, 281 n.1 (4th Cir. 2006). A court may grant a temporary restraining order or a preliminary injunction if the moving party demonstrates "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of

preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008). In Winter, the Supreme Court rejected the "standard that allowed the plaintiff to demonstrate only a possibility of irreparable harm because that standard was inconsistent with [the Court's] characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Real Truth About Obama, Inc. v. Fed. Election Comm'n, 575 F.3d 342, 346 (4th Cir. 2009) (quotations omitted), vacated on other grounds, 130 S. Ct. 2371 (2010), reissued in relevant part, 607 F.3d 355 (4th Cir. 2010) (per curiam).

Tompkins has not established that he is likely to succeed on the merits, that he is likely to suffer irreparable harm absent injunctive relief, that the balance of equities tips in his favor, or that an injunction is in the public interest. Thus, Tompkins has failed to meet his burden of proof. Accordingly, the court denies Tompkins's motion for a temporary restraining order and for a preliminary injunction [D.E. 11].

Finally, Tompkins's request for the "U.S. Marshal to come and lock this Administrator up for stop[ping] my mail" [D.E. 12] is frivolous.

In sum, the court GRANTS plaintiff's motions to amend [D.E. 6–7, 10], DENIES plaintiff's motions for appointment of counsel [D.E. 5] and for a temporary restraining order [D.E. 11], and DISMISSES plaintiff's action as frivolous under 28 U.S.C. § 1915A. The Clerk of Court shall close the case.

SO ORDERED. This _7_ day of November 2011.

JAMES C. DEVER III
Chief United States District Judge