IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:11-CT-3049-D

STUART WAYNE TOMPKINS,        )
                              )
            Plaintiff,        )
                              )
    v.                        )       **ORDER**
                              )
SUPERINTENDENT SANDRA         )
THOMAS, et al.,               )
                              )
            Defendants.       )

On March 7, 2011, Stuart Wayne Tompkins ("Tompkins" or "plaintiff"), a state inmate, filed a complaint raising claims under 42 U.S.C. § 1983 ("section 1983") [D.E. 1].[1] On November 7, 2011, the court reviewed Tompkins's complaint, granted Tompkins's motions to amend [D.E. 6–7], denied Tompkins's request for appointment of counsel [D.E. 5], denied Tompkins's motion for a temporary restraining order [D.E. 11], and dismissed the complaint as frivolous pursuant to 28 U.S.C. § 1915A [D.E. 13]. On November 14, 2011, Tompkins filed a motion for temporary restraining order and a preliminary injunction [D.E. 15]. On November 16, 2011, Tompkins requested leave to amend his complaint [D.E. 16], requested that defendants provide him with

---

[1] Tompkins is a familiar litigant, having commenced at least sixteen actions since 2001. See, e.g., Tompkins v. Everett, No. 5:01-CT-623-F (E.D.N.C.); Tompkins v. Dep't of Corr., No. 5:02-CT-179-F (E.D.N.C.); Tompkins v. Dep't of Corr., No. 5:06-HC-38-D (E.D.N.C.); Tompkins v. Carroll, No. 5:06-HC-2226-BO (E.D.N.C.); Tompkins v. U.S. Dist. Ct., No. 5:07-CT-3049-H (E.D.N.C.); Tompkins v. Dep't of Corr., No. 5:07-CT-3152-H (E.D.N.C.); Tompkins v. Mitchell, No. 5:08-HC-2077-BO (E.D.N.C.); Tompkins v. Dep't of Corr., No. 1:08-cv-00322-GCM (W.D.N.C.); Tompkins v. Thomas, No. 5:10-HC-2004-BO (E.D.N.C.); Tompkins v. Mitchell, No. 1:10-cv-00186-RJC (W.D.N.C.); Tompkins v. Herron, No. 1:10-cv-00978-TDS-LPA (M.D.N.C.); Tompkins v. Dep't of Corr., No. 5:10-CT-3224-BO (E.D.N.C.); Tompkins v. Herron, No. 1:11-cv-224-TDS-LPA (M.D.N.C.); Tompkins v. Herron, No. 1:11-cv-481-UA-PTS (M.D.N.C.); Tompkins v. Bellomy, No. 1:12-cv-00135-CCE-LPA (M.D.N.C.).

various documents [D.E. 17], and filed a proposed amended complaint [D.E. 18].[2]

The court first addresses Tompkins's motion to amend. The court thoroughly reviewed the allegations contained in Tompkins's original complaint and additional filings, and determined that Tompkins had failed to state a claim as a matter of law. Order [D.E. 13] 3–6.[3] Specifically, the court found that Tompkins's claims pertaining to prison disciplinary convictions failed because Tompkins's convictions had not been "overturned or otherwise invalidated," id. 4–5; that Tompkins's claims of retaliation for exercising a constitutional right failed because Tompkins had not "allege[d] that any defendant infringed any constitutionally protected right[,]" id. 5–6; and that Tompkins's claims against various managerial defendants for failure to train failed because "Tompkins's conclusory allegation . . . [was] insufficient to state a claim" because "[t]he doctrine of respondeat superior generally does not apply to a section 1983 action." Id. 6.

Tompkins argues that the court should have afforded him an opportunity to cure his complaint's defects before dismissing it. Mot. Leave 3. However, Tompkins's proposed amended complaint establishes that, given such an opportunity, Tompkins could not state a claim under section 1983. See Proposed Am. Compl. [D.E. 18]. If allowed to amend his complaint, Tompkins would allege that he "was denied Due Process of Law in his [d]isciplinary [p]roceeding in a [d]isciplinary [o]ffense[.]" Id. 5. Tompkins also would allege that defendants took actions against him "in [r]etaliation for [his] exercise [of] a [c]onstitutionally [guaranteed] right . . . in a [c]ivil

---

[2] The clerk docketed Tompkins's proposed amended complaint as a motion to amend. Accordingly, the court treats it as a pending motion requiring disposition.

[3] To the extent Tompkins complains that the court improperly construed some of his prior filings as additional motions to amend, see Mot. Leave [D.E. 16] 1, the court did so out of an abundance of caution and in order to discharge its duty to hold Tompkins's filings "to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quotation omitted); see Order 2.

[r]ights action...." Id. 10; see id. 10–14. Finally, Tompkins would amend his complaint to allege that various defendants inadequately supervised the defendants who engaged in the conduct of which Tompkins complains. See, e.g., id. 7–8, 11–12. Thus, Tompkins's proposed claims are indistinguishable from those that he previously asserted, and Tompkins's proposed amended complaint fails to cure the defects inherent in his original complaint and is futile.

Alternatively, to the extent that Tompkins seeks reconsideration pursuant to Federal Rule of Civil Procedure 59(e), the request is denied. See Fed. R. Civ. P. 59(e). The decision to alter or amend a judgment pursuant to Rule 59(e) is within the sound discretion of the district court. See, e.g., Dennis v. Columbia Colleton Med. Ctr., Inc., 290 F.3d 639, 653 (4th Cir. 2002); Hughes v. Bedsole, 48 F.3d 1376, 1382 (4th Cir. 1995). The Fourth Circuit has recognized three reasons for a district court's altering or amending a judgment: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available [previously]; or (3) to correct a clear error of law or prevent manifest injustice." Zinkand v. Brown, 478 F.3d 634, 637 (4th Cir. 2007) (quotation omitted); Bogart v. Chapell, 396 F.3d 548, 555 (4th Cir. 2005); Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998). Tompkins does not cite a recent change in the controlling law, newly discovered evidence, or a clear error meriting the court's altering or amending its order.

To the extent that Tompkins seeks relief pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, this request is also denied. Rule 60(b) authorizes the court to "relieve a party ... from a final judgment, order, or proceeding for ... mistake, inadvertence, surprise, or excusable neglect ... or fraud, ... misrepresentation, or misconduct by an opposing party[.]" Fed. R. Civ. P. 60(b)(1), (3). Under Rule 60(b), "a moving party must show that his motion is timely, that he has a meritorious [claim or defense] ..., and that the opposing party will not be unfairly prejudiced by

3

having the judgment set aside." Nat'l Credit Union Admin. Bd. v. Gray, 1 F.3d 262, 264 (4th Cir. 1993) (quotations omitted); see Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp., 843 F.2d 808, 811 (4th Cir. 1988) (per curiam). If a party meets these threshold conditions, "he must satisfy one of the six enumerated grounds for relief under Rule 60(b)." Gray, 1 F.3d at 266. Tompkins has not made the requisite threshold showings; accordingly, Rule 60(b) does not entitle him to relief.

Tompkins asks the court to issue a temporary restraining order and a preliminary injunction directing the "[d]eliver[y of] all [l]egal mail to and from this [c]ourt" and ordering employees of the Scotland Correctional Institution to refrain from committing "fraud, forgery or any other misconduct . . . ." Mot. TRO & Prelim. Inj. [D.E. 15] 2. The substantive standards for a court's granting a request for a temporary restraining order and entering a preliminary injunction are the same. See, e.g., U.S. Dep't of Labor v. Wolf Run Mining Co., 452 F.3d 275, 281 n.1 (4th Cir. 2006). "A [party] seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008). In Winter, the Supreme Court rejected the "standard that allowed the plaintiff to demonstrate only a possibility of irreparable harm because that standard was inconsistent with [the Court's] characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Real Truth About Obama, Inc. v. Fed. Election Comm'n, 575 F.3d 342, 346 (4th Cir. 2009) (quotations omitted), vacated on other grounds, 130 S. Ct. 2371 (2010), reissued in relevant part, 607 F.3d 355 (4th Cir. 2010) (per curiam); see Winter, 555 U.S. at 22.

Tompkins has not established that he is likely to succeed on the merits, that he is likely to suffer irreparable harm absent injunctive relief, that the balance of equities tips in his favor, or that an injunction is in the public interest. Thus, Tompkins has failed to meet his burden of proof. Accordingly, the court denies Tompkins's requests for a temporary restraining order and a preliminary injunction.

In sum, the court DENIES Tompkins's motions [D.E. 15, 16, 18].

SO ORDERED. This 5 day of April 2012.

JAMES C. DEVER III
Chief United States District Judge